UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KIRK MCKENZIE | CIVIL ACTION |
|---|---|
| VERSUS | NO. 11-0268 |
| NELSON COLEMAN CORRECTIONAL CENTER WARDEN ROLAND LADREYT, OFFICER G. MOREHOUSE | SECTION "H"(4) |

### ORDER AND REASONS

Before the Court is a **Motion for Leave of Court to Amend the Complaint and First Amended Complaint (Rec. Doc. No. 32)** filed by the plaintiff, Kirk McKenzie, seeking leave for newly enrolled counsel to file an amended complaint to clarify the federal and state claims raised in the original 42 U.S.C. § 1983 *pro se* complaint. Although a notice of opposition was filed with the motion, the defendants did not file an opposition to the motion noticed for submission on April 18, 2012.

### I. Factual Background

McKenzie filed a *pro se* and *in forma pauperis* complaint on February 10, 2011, against Warden Roland Ladreyt and Officer G. Morehouse of the Nelson Coleman Correctional Center in St. Charles Parish, Louisiana. McKenzie alleged that, on January 11, 2011, as he was returning to his cell, Officer Morehouse did not open the pod door wide enough for him to get through.[1] He

---

[1] Rec. Doc. No. 1, p. 4, ¶IV.

claims that, as he entered the pod, Officer Morehouse began to close the door and McKenzie's right leg got caught in it. He felt a pain in his back and "pulled something" trying to free his leg.[2] He seeks compensation for his pain and suffering and mental and emotional distress in the amount of $500,000.00. He also requests that he be moved to another facility[3] and any other award, including future medical bills.

In the proposed amended complaint, McKenzie re-avers each of the claims raised in his original complaint. He also seeks to add and clarify allegations of wanton or reckless disregard or malice and willfulness on the part of Officer Morehouse causing injury in violation of his constitutional rights. He alternative argues that the Officer acted negligently under state tort law and in violation of state law prohibiting corporal punishment. McKenzie seeks to clarify and amend his request for damages to include future lost wages and benefits, loss of earning capacity, and other past, present and future damages and medical and pharmaceutical expenses. McKenzie also includes a request for attorney's fees under 42 U.S.C. § 1988 and punitive damages pursuant to 42 U.S.C. § 1983. He further adds a claim under a state law theory of respondeat superior, citing La. Civ. Code arts. 2317 and 2320.

## II. Standards of Review

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." *Id*. This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by

---

[2] *Id*.

[3] This request is apparently moot since McKenzie was transferred to other facilities. Rec. Doc. Nos. 10, 22.

2

counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5the Cir. 1998). However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.*

In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

**III.   Analysis**

In the proposed amended complaint, McKenzie outlines the legal basis for his federal civil rights and state tort law claims against the defendants. The proposed amended complaint asserts these claims arising out of the same factual basis and legal bases raised in McKenzie's *pro se* complaint. It further particularizes the legal bases for the claims that, under a broad reading, already existed in the original *pro se* complaint. In other words, the Court finds that the amended complaint is consistent with the matters already pending before the Court as are more clearly spelled out by counsel, beyond the ability of the *pro se* plaintiff.

3

With no opposition having been filed, the Court finds no prejudice to the defense to allow the filing of the proposed amended complaint. Trial is scheduled before the District Judge on June 11, 2012, and the motion to amend was timely within the limits set by the Court.[4] There was no discovery deadline set to prevent the defendants from seeking additional information on the issues asserted in the amended complaint if necessary. Accordingly,

**IT IS ORDERED** that McKenzie's **Motion for Leave of Court to Amend the Complaint and First Amended Complaint (Rec. Doc. No. 32)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Clerk of Court** shall file and docket a copy of the First Amended Complaint (Rec. Doc. No. 32-3, pp. 1-5) and issue and cause service of the summons and a copy of the amended complaint upon the defendant in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

New Orleans, Louisiana this 24th day of April, 2012.

                                            **KAREN WELLS ROBY**
                                  **UNITED STATES MAGISTRATE JUDGE**

**CLERK TO FILE AMENDED**
**COMPLAINT AND ISSUE SUMMONS**

---

[4]Rec. Doc. No. 23.