UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIRK MCKENZIE                                                      CIVIL ACTION

VERSUS                                                             NO. 11-0268

NELSON COLEMAN CORRECTIONAL                                        SECTION "H"(4)
CENTER, WARDEN ROLAN LADREYT,
OFFICER G. MOREHOUSE

## ORDER AND REASONS

Before the Court is a **Motion for Reconsideration Pursuant to FRCP 59 & 60 (Rec. Doc. No. 77)** filed by the plaintiff, Kirk McKenzie. In this motion, McKenzie seeks reconsideration of the denial of his Motion for IME (Rec. Doc. No. 39). In support of the motion, McKenzie reurges his contention that, as a prisoner, he is unable to freely seek medical treatment from a physician of his choice. He reiterates his contention that justice dictates that, as a prisoner, he be given latitude to seek an outside, or non-prison, medical examination. He has also supplemented the motion for reconsideration with copies of his prison medical records.[1]

In opposition to the motion, the defendants contend that McKenzie has had the opportunity to receive medical care from the medical staff in four other facilities and not just in the custody of the defendants' facility.[2] The defendants present prison medical records from two of the other

---

[1] Rec. Doc. No. 91.

[2] Rec. Doc. No. 84.

facilities, Caldwell Parish Detention Center and David Wade Correctional Center, to support this contention, noting that records from Elayn Hunt Correctional Center and Pine Prairie Correctional Center have not been received on return of the subpoenas issued. The defendants also point out that McKenzie refused some of the medical care offered to him, including examination by an outside orthopedic specialists. For these reasons, and those presented in opposition to the original motion, the defendants contend that there is no basis to reconsider the denial of the Motion for IME.

## I.     Standard of Review

McKenzie seeks reconsideration of the Court's prior order under Fed. R. Civ. P. 59 and 60. The ruling by which this Court denied McKenzie's Motion for IME is a non-dispositive pretrial matter. Review under Fed. R. Civ. P. 60 addresses final judgments and final orders and does not apply here. *See* Fed. R. Civ. P. 60 (Advisory Comment Note, explaining that the use of the word "'final' emphasizes the character of the judgments, orders[,] or proceedings from which Rule 60(b) affords relief . . ."); *see also*, *Benson v. St. Joseph Regional Health Center*, 575 F.3d 542, 547 (5th Cir. 2009) (applying Rule 60 to final orders and judgments). The same is true for review under Fed. R. Civ. P. 59 where there has been no trial. Fed. R. Civ. P. 59; Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

Instead, for this type of pretrial ruling, the Court has the power to "afford such relief from them as justice requires." *See* Fed. R. Civ. P. 60 (Advisory Comment Note). As such, most courts allow motions to reconsider under the umbrella of Fed. R. Civ. P. 8(f), which requires that all pleadings be construed "as to do substantial justice." *Louisiana v. Sprint Commc'ns Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995); *see also*, *Century Products Co. v. Cosco, Inc.*, No. 00-CV-0800,

2003 WL 251957, at *5 (N.D. Tex. 2003) (citing *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102, 104 (M.D. Pa. 1989)).

In keeping with this, the Fifth Circuit has held that "[i]t is a well established rule of trial procedure that a district court may reconsider and reverse a previous interlocutory order at its discretion." *Holoway v. Triola*, 172 F.3d 866, No. 98030529, 1999 WL 129656, at *1 (5th Cir. 1999) (Table, Text in Westlaw) (citing Fed. R. Civ. P. 54(b)). Pursuant to Fed. R. Civ. P. 54(b) "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Under this provision, the Court is free to reconsider its decision and reverse them for any reason it deems sufficient.³ *Saqui v. Pride Cent. America, LLC*, 595 F.3d 206, 211 (5th Cir. 2010); *Smith v. H. E. Butt Grocery Co.*, 992 F.2d 324, 1993 WL 152106, at *2 (5th Cir. 1993) (Table, Text in Westlaw).

## II. Analysis

In this case, McKenzie seeks another review of the merits of his motion for an IME. He has offered no new reasons, save review of the prison medical records, for the Court to do so. "A party seeking reconsideration must show more than disagreement with the court's decision and

---

³Although without Fifth Circuit citation, some sections of this courts have referenced the factors under Fed. R. Civ. P. 59(e) as a guide in determining whether the movant has provided reasons for reconsideration of an interlocutory order. *Accord Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, __ F.R.D. __, 2012 WL 1150128, at *3 (E.D. La. Apr. 5, 2012) (Brown, J.); *Castrillo v. Am. Home Mtg. Serv'ing Co.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at * 1 (E.D. La. Apr. 16, 2009) (Duval, J.). The four factors under that Rule are: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. Even considering those factors, the motion fails for the reasons in this Order.

recapitulation of the same cases and arguments already considered by the court." *Texaco Expl. and Prod. Inc. v. Smackco*, No. 98-2293, 1999 WL 539548, at *1 (E.D. La. Jul. 26, 1999); *see also*, *Joe v. Minnesota Life Ins. Co.*, 272 F. Supp.2d 603, 604 (S.D. Miss. 2003). The Court has reviewed McKenzie's motions, the oppositions, and the newly submitted medical records from both parties. The Court finds no basis to change its ruling. McKenzie has not convinced the Court that reconsideration of its May 21, 2012, Order is appropriate.

In addition to the reasons assigned in the Court's prior Order (Rec. Doc. No. 74), the Court provides additional support here for the denial of McKenzie's request for an IME. As noted, McKenzie's reasoning revolves around his status as an inmate; that is, his ability to obtain a medical examination of choice is limited by his incarceration. The Court understands but disagrees with that assertion. McKenzie's ability is hindered by the provisions of Fed. R. Civ. P. 35 itself.

As is known by the parties, Rule 35 empowers a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The federal courts have held, however, that this Rule does <u>not</u> allow a party, even an indigent or prisoner, to seek his own examination. *Smith v. Carroll*, 602 F. Supp.2d 521, 526 (D. Del. 2009).

It is quite settled that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States*, 74 Fed. Appx. 611, 614 (7th Cir. 2003); *Lindsay v. Lewis*, No. 11CV67, 2012 WL 1155744, at *1 (M.D.N.C. Apr. 6, 2012) (same in denying prisoner's Rule 35 motion); *Melton v. Simmons*, No. 08-CV-458, 2009 WL 454619, at *1 (W.D.N.C. Feb. 23, 2009) (same in denying prisoner's Rule 35 motion). Instead, "[t]he language in Rule 35 authorizing courts to order a party to 'produce for examination a person

who is in its custody or under its legal control' allows courts to compel a parent, guardian or other person suing to recover injuries to a minor or other person under his or her control to produce such minor or other person on the ***motion of an opposing party***; it is ***not intended*** for a situation where a ***prisoner-plaintiff*** wishes an ***examination of himself***." (emphasis added, citations omitted) *Paiva v. Bansal*, No. 10-179, 2011 WL 1595425, at *1 (D.R.I. Apr.27, 2011) (quoting Fed. R. Civ. P. 35(a)(1)); *see also*, *Adams v. Epps*, No. 08-CV-154, 2008 WL 4861926, at *1 (S.D. Miss. Nov. 10, 2008) (denying prisoner's request for his own medical examination under Rule 35); *Cabrera v. Williams*, 05CV3121, 2007 WL 2682163, at *2 (D. Neb. Sep. 7, 2007) (same); *Lindell v. Daley*, No. 02-C-459-C, 2003 WL 23111624, at *1-2 (W.D. Wis. June 30, 2003) (same).  McKenzie is not entitled to an order for his own medical examination under Fed. R. Civ. P. 35 even as a prisoner.

Furthermore, as addressed in the Court's prior order, neither 28 U.S.C. § 1915 nor Fed. R. Civ. P. 35 authorizes the courts to pay for tests, consultation, or examination by private physicians. *Holloway v. Lott*, No. 08-CV-00821, 2009 WL 2778665, at *1 (E.D. Ark. Aug. 28, 2009) (citing *Jones v. Liong*, 986 F.2d 503, 1993 WL 36874 (8th Cir. Feb. 17, 1993) (Table, Text in Westlaw)). "However, no civil litigant, even an indigent one, has a legal right to such aid." *Brown*, 74 Fed. Appx. at 614-15.  As this is applied, "Rule 35 . . . does not allow the Court to compel a custodian to examine and conduct tests for prisoners." (citations omitted) *Holloway*, 2009 WL 7228665, at *1 (denying prisoner's motion under Rule 35); *accord*, *Ivey v. Harney*, 47 F.3d 181 (7th Cir. 1995) (holding that requiring a prison to transport an inmate for an independent medical examination to support his § 1983 claim was not authorized by either the habeas corpus statute or the All Writs Act).

The Court has no authority under § 1915 or Rule 35 to order McKenzie's current custodian to present him or pay for an independent medical exam. There is no injustice in this conclusion where, as here, the unavailability of relief is preceded by McKenzie's own refusal of similar care offered by his custodians in the past.[4]  "[A]lthough the plaintiff states that he is seeking an independent medical examination pursuant to Fed. R. Civ. P 35(a), he is actually seeking a cost-free medical examination which he hopes will support his claims. . . . Rule 35 was not designed for this purpose." *Savajian v. Milyard*, No. 09-cv-00354, 2009 WL 5126581, at *1 (D. Colo. Dec. 17, 2009).

McKenzie has not provided any basis for this Court to reconsider his Motion for IME. He has made no showing of error of law or otherwise in the Court's prior order. For the reasons previously stated, as supplemented herein, McKenzie has no right to an order for an independent medical examination under Fed. R. Civ. P. 35. Accordingly,

**IT IS ORDERED** that McKenzie's **Motion for Reconsideration Pursuant to FRCP 59 & 60 (Rec. Doc. No. 77)** is **DENIED**.

New Orleans, Louisiana, this 31st day of August, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *See e.g.*, Rec. Doc. No. 91, Manual Attachment, LCS Corrections Services, Inc., Medical Transfer Summary, 6/2/11 ("Refusal ortho appt on 5-12-11 for eval of c/o swelling/pain to (L)ankle & ↓back pain.")